IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KODI DAVIDSON, #M1624**                                                   **PLAINTIFF**

**v.**                                               **CAUSE NO. 1:15-cv-245-LG-RHW**

**ROB PARKER, et al.**                                                **DEFENDANTS**

## ORDER OF PARTIAL DISMISSAL

This matter is before the Court for screening as authorized by 28 U.S.C. § 1915. The Court previously ordered Plaintiff to provide additional information about his claims. (Order Sept. 30, 2015, ECF No. 17). Plaintiff has now responded. (Resp. Oct. 26, 2015, ECF No. 18). The named Defendants are Rob Parker, Hubert Davis, Joseph Cooley, Butch Raby, Major Flowers, Lieutenant Malone, Correctional Officer Lathos, Officer A. Stockstill, and Assistant Warden Seabrook.

Having reviewed the Plaintiff's pleadings and applicable law and statutes, the Court has determined that the claims against Defendants Davis, Cooley, Malone, Lathos, Stockstill, and Seabrook, and the claims relating to his disciplinary proceeding for Rule Violation Report (RVR) #01588949, should be dismissed. However, Plaintiff has stated an arguable claim against Defendants Parker, Raby, and Flowers. His claim against those Defendants will be allowed to proceed.

## I. BACKGROUND

Plaintiff alleges that he was transferred on February 25, 2015, from Pearl River County Correctional Facility Center to the South Mississippi Correctional Facility (SMCI). (Resp. at 1, ECF No. 18). According to Plaintiff, the transfer to

SMCI was caused by Defendants Raby, Flowers, and Parker in retaliation for Plaintiff filing grievances. (*Id*. at 1-2).

Plaintiff states that he received RVR #01588949 on February 27, 2015, for failing a urinalysis which tested him for drugs and was administered on December 8, 2014. (*Id*. at 1). Plaintiff asserts that Defendants Davis and Seabrook "allowed my punishment and other punishments to be imposed on me by being nonchalant to the [p]olicies and [p]rocedures . . . most importantly constitutional right to Due Process, Equal Protection of law." (Am. Compl. at 2-3, ECF No. 15). Plaintiff also claims that Defendant Seabrook did not follow the policies and procedures concerning his RVR which is at issue in this civil action. (Resp. at 6, ECF No. 18).

Plaintiff complains that Defendant Malone violated the policies and procedures of the Mississippi Department of Corrections (MDOC) concerning RVR #01588949 because she issued this RVR based on a facsimile copy of a urinalysis test, not because she witnessed Plaintiff commit or test positive on December 8, 2014, the date of the test. (*Id*. at 3-4). Plaintiff argues that Defendant Malone was aware that RVR #01588949 was false and had been tampered with. (*Id*. at 4). Plaintiff further asserts that Defendant Malone "abused her authority [when she used] strong[,] harsh language and told me to fight it in my appeal [ ] (ARP)." *Id*.

As for Defendant Cooley, an investigator, Plaintiff claims that he did not "do to the best of his ability of being fair and just with procedural[ ] protocol" and did not answer or respond to two offender request forms that were submitted to him. (Am. Compl. at 3, ECF No. 15). Plaintiff further contends that Defendant Lathos, also an

2

investigator, failed to review the evidence which violated Plaintiff's constitutional rights when he did not follow the policies and procedures of MDOC. (Resp. at 4-5, ECF No. 18).

Plaintiff complains that Defendant Stockstill "violated policies and procedures by finding me guilty on outdated test results and also '[b]ecause she was told to by her [b]oss Ass[istant] Warden Seabrook." (*Id*. at 5). Plaintiff further alleges that Defendant Stockstill did not properly complete the RVR, was not fair and honest, and did not base her decision on the "preponderance of the evidence presented at the hearing." (*Id*.)

## II. ANALYSIS

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution and the laws of the United States and the person depriving Plaintiff of this right acted under color of any statute of the State. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). The United States Supreme Court concluded that, in order to act under color of state law, the defendant in a section 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law. *West*, 487 U.S. at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

A.     Retaliation

Plaintiff alleges that his transfer to SMCI by Defendants Parker, Raby, and Flowers was in retaliation of Plaintiff filing grievances.  Even though prisoners do not have a constitutional right to be housed in a particular facility, *see Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000), "a transfer cannot be made in retaliation for the exercise of constitutional rights," *see Brown v. Craven*, 106 F. App'x. 257, 258 (5th Cir. 2004) (citing *Jackson v. Cain*, 864 F.2d 1235, 1248 n.3 (5th Cir. 1989)). At this stage of the screening process, the Court finds that Plaintiff has stated an arguable claim against Defendants Parker, Raby, and Flowers concerning his complaint about being transfer to SMCI in retaliation for filing grievances.

B.     RVR #01588949

Having liberally construed Plaintiff's allegations in his Complaint, Amended Complaint, and Response, the Court finds that he is arguing that his due process rights and rights against double jeopardy were violated when he was issued RVR #01588949, and when, after a disciplinary hearing, he was found guilty of the offense.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Id.* at 478.  Plaintiff's punishment, the loss of privileges for 90 days, (*see* Attach. [1-8] at

4

2, Resp. [18] at 3), does not implicate due process concerns. *See Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (holding that privileges being revoked for 30 days "do not implicate due process concerns and do not represent the type of atypical, significant deprivation in which a state might create a liberty interest"); *see also Nathan v. Hancock*, 477 F. App'x 197, 199 (5th Cir. 2012); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Moreover, "the constitutional proscription against double jeopardy does not apply to [an inmate's] disciplinary proceeding." *Sanchez v. Allen*, 611 F. App'x 792, 796 (5th Cir. 2015) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (holding that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply")). Consequently, Plaintiff's claims relating to RVR #01588949 should be dismissed with prejudice. *See Nathan*, 477 F. App'x at 199 (affirming the district court's dismissal as frivolous of a § 1983 action by a prisoner concerning prison officials violating his "rights under the Due Process Clause by basing a disciplinary conviction on an incomplete urine test").

Plaintiff's claims that Defendants Davis, Cooley, Malone, Lathos, Stockstill, and Seabrook did not comply with the MDOC policies and procedures during his disciplinary and administrative remedies proceedings fail to rise to a level of constitutional deprivation. *See Guiden v. Wilson*, 344 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (finding that

the mere failure of a prison official to follow the prison's own policy does not amount to a constitutional violation)). Furthermore, Plaintiff's claims that Defendant Cooley and Lathos did not investigate his grievances do not amount to a violation of a constitutional right. *See Dehghani v. Vogelgsang*, 226 F. App'x 404, 406 (5th Cir. 2007) (deciding that a claim that the warden did not adequately investigate plaintiff's grievance did not amount to a constitutional violation). Finally, Plaintiff does not have a constitutional right to a grievance procedure, and moreover, does not have a due process liberty interest to have his grievance resolved to his satisfaction. *See Geiger v. Jones*, 404 F.3d 371, 374-75 (5th Cir. 2005) (holding that inmates do not have a constitutional right to a grievance procedure, and have no due process right to having grievances resolved to their satisfaction). Plaintiff's claims against Defendants Davis, Cooley, Malone, Lathos, Stockstill, and Seabrook should be dismissed with prejudice.

Plaintiff's claim that Defendant Malone used "strong[,] harsh language" does not state a claim of constitutional deprivation. *See Wilson v. Mississippi*, 2010 WL 2291836, at *2 (S.D. Miss. June 2, 2010) (citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (finding that regardless of how antagonistic or threatening certain words may appear, it is clear that mere words do not state a claim of constitutional deprivation cognizable under 42 U.S.C. § 1983)). This claim against Defendant Malone should be dismissed with prejudice.

Plaintiff's assertion that his equal protection rights concerning the disciplinary proceedings in RVR #01588949 have been violated are vague and conclusory even

6

though he was given an opportunity by the Court in its Order to provide allegations to support his claim. Because Plaintiff's Response did not state facts sufficient to invoke his equal protection rights concerning his disciplinary proceedings in RVR #01588949, this claim is dismissed with prejudice. *See Cruz v. Forrest*, 350 F. App'x 900, 901 (5th Cir. 2009) (deciding that "[a] prisoner's vague and conclusory allegations that his equal protection rights have been violated are insufficient to raise an equal protection claim") (citing *Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990)).

### III. CONCLUSION

As discussed above, Plaintiff has stated an arguable claim concerning his transfer from Pearl River County Correctional Facility to SMCI against Defendants Parker, Raby, and Flowers. However, Plaintiff cannot maintain this section 1983 civil action against Defendants Davis, Cooley, Malone, Lathos, Stockstill, and Seabrook, or his claims relating to RVR #01588949. Accordingly, it is

**ORDERED AND ADJUDGED** that the claims against Defendants Davis, Cooley, Malone, Lathos, Stockstill, and Seabrook and the claims relating to RVR #01588949 are dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate order directing process to issue for Defendants Parker, Raby, and Flowers concerning Plaintiff's retaliation claim will be entered. Plaintiff should understand that this Order allowing process to issue against Defendants Parker,

Raby, and Flowers does not reflect any opinion of the Court that the claims contained in the pleadings will or will not be determined to be meritorious.

**SO ORDERED AND ADJUDGED** this the 3rd day of December, 2015.

<u>s/ *Louis Guirola, Jr.*</u>
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE